BOARD OF PROFESSIONAL RESPONSIBILITY Petitioner,

v.

Clifford J. NEILSON, Respondent.

No. D-90-2.

Supreme Court of Wyoming.

July 30, 1991.

Randal R. Arp, Wyoming State Bar, Cheyenne, for petitioner.

Kenneth R. Marken, Casper, for respondent.

Before URBIGKIT, C.J., and THOMAS and MACY, JJ.

ORDER OF DISBARMENT

The Board of Professional Responsibility of the Wyoming State Bar on July 25, 1991 presented to this Court its Report of Findings of Fact, Conclusions of Law and Recommendations, charging the above-named respondent-attorney, regularly admitted to the practice of law in the state of Wyoming, with professional misconduct. Automatic review and final decision is required of this Court by Wyo. Const. art. 2, § 1 and art. 5, § 2; W.S. 5-2-118 and Rule VI(b)(4) and (h), Disciplinary Code for the Wyoming State Bar. After consideration thereof, the

Court, by clear and convincing evidence, finds:

The respondent-attorney was convicted of five felonies arising from activities pursued in the practice of law, which conduct involved generally preparation and use of forged instruments as trial evidence.

Following conviction, a suspension order was issued by this Court dated February 12, 1990. This Court referred the matter to the Wyoming State Bar Board of Professional Responsibility for formal disciplinary proceedings as provided by Rules XVI and VI of the Disciplinary Code for the Wyoming State Bar.

After a hearing and the receipt of evidence, the Board of Professional Responsibility made its Report of Findings of Fact, Conclusions of Law and Recommendations to this Court. The Report of Findings of Fact, Conclusions of Law and Recommendations is attached hereto and incorporated in haec verba as Appendix A.

Having reviewed the record, briefs and memoranda, the Court further finds that the record sustains factually and justifies legally the Report of Findings of Fact, Conclusions of Law and Recommendations of the Board of Professional Responsibility and determines that the recommended disbarment from the practice of law is appropriate under Rule 8.4, Rules of Professional Conduct for Attorneys at Law.

ORDERED:

1. Clifford J. Neilson is disbarred as a member of the Wyoming State Bar pursuant to his license to practice law, and costs incurred in this proceeding of $882.10 are assessed for repayment to the Wyoming State Bar Board of Professional Responsibility.

2. The entry date for this decision is the date hereof. Since respondent has been under suspension since conviction by order of February 12, 1990, the effective date for disbarment for purposes of reinstatement is February 12, 1990 and, for any other purpose, will be the date of execution and filing of this order.

3. Respondent-attorney is advised that he may not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment pursuant to Rule XXII(a) of the Disciplinary Code for the Wyoming State Bar. In the event that application should be made in the future, it will not be accepted until restitution of costs and expenses have been made and any other requirements then in effect for re-examination or continuing legal education have been satisfied.

4. The clerk of this Court docket the Report of Findings of Fact, Conclusions of Law and Recommendations, and all supporting papers of the Board of Professional Responsibility, as well as this Order as a matter coming regularly before this Court as a public record.

CARDINE and GOLDEN, JJ., not participating.

APPENDIX "A"

STATE OF WYOMING COUNTY OF LARAMIE

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

WYOMING STATE BAR

STATE OF WYOMING

IN THE MATTER OF CLIFFORD J. NEILSON, Respondent.

Docket No. (72–89)

Filed July 25, 1991.

REPORT OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS

COMES NOW the Board of Professional Responsibility of the Wyoming State Bar and hereby files its report in the above-captioned matter.

On June 18, 1991, a hearing was held in the conference room of the office of the Wyoming State Bar, Cheyenne, Wyoming. Committee members present at the hearing were Joseph E. Vlastos, Chairman, James L. Edwards, Michael H. McCarty, Herb Carter, Mary Flitner and Timothy O. Beppler. Appearing on behalf of the Wyoming State Bar was Randal R. Arp. The Re-

spondent, Clifford J. Neilson, appeared *pro-se*. Testimony was received from the Respondent.

The Board of Professional Responsibility, after having reviewed the official file, the testimony of the witness and the evidence presented at the hearing, and after having otherwise reviewed the matter, does hereby make the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Respondent is a member of the Wyoming State Bar licensed to practice law who maintained an office in Casper, Wyoming (Complaint para. 1; Answer para. 1).

2. Respondent was admitted to the Wyoming State Bar in 1979 (Tr. 7-7) and was engaged in the general practice of law since July, 1979 (Tr. 35-22). From 1974 through 1978 he was employed with a bank (Tr. 36-2).

3. On January 25, 1990, Respondent was convicted of five felony counts. The judgment of conviction was entered by the district court on February 5, 1990 (Complaint para. 2; Answer para. 1).

4. Respondent had assisted one of his clients with some back-dated notarized deeds (Tr. 7-15). This was to prevent his client's ex-wife from receiving real property she otherwise would have received from his client as a part of a divorce decree of distribution (Tr. 7-19).

5. Respondent ordered a notary stamp after the commission for the notary had expired (Tr. 8-11). Deeds were prepared and the notary stamp was placed on the deeds (Tr. 8-19). The deeds were recorded (Tr. 9-14).

6. Respondent was convicted of two counts of aiding and abetting in the commission of a felony, two counts of conspiracy to commit forgery and one count of possession of a forgery device (Hearing exhibit A—judgment and sentence).

7. On February 12, 1990, the Wyoming Supreme Court entered its ORDER OF SUSPENSION FROM THE PRACTICE OF LAW regarding Respondent. The Wyoming Supreme Court referred the matter to the Wyoming State Bar Board of Professional Responsibility for formal disciplinary proceedings as provided by Rules XVI and VI of the Disciplinary Code for the Wyoming State Bar (Complaint para. 3; Answer para. 1).

8. The Respondent did not comply with the affidavit and notification procedure set forth in Rule XX(f) of the Disciplinary Code of the Wyoming State Bar (Tr. 13-4).

9. The Respondent, while asserting diminished mental capacity in these proceedings regarding his actions underlying the convictions, never asserted diminished mental capacity in the course of the district court criminal proceedings (Tr. 11-22). Respondent has presented no medical evidence of diminished mental capacity. The medical report offered by Respondent by filing of May 6, 1991, to which Bar Counsel has objected as hearsay, is not admitted into evidence.

10. The Respondent chose to ignore the criminal acts at the time (Tr. 20-6) but states he now regrets his acts (Tr. 20-11).

11. The Respondent was paid a fee and intended to accomplish a result for the client in the course of the paid legal representation for the client (Tr. 25-5, 6).

12. The Respondent had other clients before and after the client and activities giving rise to his convictions, but prepared no false deeds or notaries in the course of those matters (Tr. 25-10 through 21).

13. The Respondent did not seek counseling after his criminal convictions, but he did see a psychiatrist and psychologist (Tr. 30-23).

14. The Respondent is, at the time of the hearing, taking beta blockers and aspirin but no other medications (Tr. 35-1, 6).

15. The costs and expenses incurred in this grievance proceeding total $882.10. Respondent was notified of the costs and expenses of the proceedings and no objection thereto was received from Respondent (Affidavit of Costs and Expenses, official Board file).

16. Pursuant to Rule XXIII of the Disciplinary Code, the costs are reasonable and necessary and should be assessed against the Respondent as part of these proceedings.

## CONCLUSIONS OF LAW

1. The Board has jurisdiction of this matter pursuant to Rule I of the Disciplinary Code for the Wyoming State Bar.

2. By reason of conviction of five felony counts consisting of aiding and abetting in the commission of a felony, conspiracy to commit forgery and possession of a forgery device, Respondent has violated Rule 8.4(b) of the Rules of Professional Conduct promulgated by the Wyoming Supreme Court.

3. Rule 8.4(b) provides as follows

It is professional misconduct for a lawyer to ...:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects...:

4. Pursuant to Rule XVI(c) of the Disciplinary Code of the Wyoming State Bar, the certified copy of the judgment of conviction is conclusive evidence that the Respondent committed the crimes set forth therein.

## RECOMMENDATIONS

The Board of Professional Responsibility, based upon the foregoing findings of fact and conclusions of law, and further based upon a review of the ABA Standards For Imposing Lawyer Sanctions, makes the following recommendations to the Wyoming Supreme Court with respect to Clifford J. Neilson, Respondent.

Section 5.0, "Violations of Duties Owed to the Public" is applicable. Pursuant to Section 5.11, disbarment is generally appropriate when: "(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft ... or an attempt or conspiracy or solicitation of another to commit any of these offenses"; or "(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."

As noted in the commentary contained under Section 5.1, most courts impose disbarment on lawyers who are convicted of serious felonies.

The Board of Professional Responsibility finds the following aggravating factors in regard to this disciplinary matter:

1. Substantial experience in the practice of law.
2. An intentional or willful state of mind.
3. A dishonest, selfish motive.
4. A failure to comply with the Disciplinary Code Rule XX affidavit and notification procedure upon suspension.

The following factors constitute mitigation:

1. Lack of prior misconduct.
2. Remorse after the criminal convictions.

No medical evidence, or evidence of good character and reputation, was presented at the hearing.

As noted in the ABA Standards, overwork, poor business practices and reliance on others should not be considered in aggravation or mitigation.

It is the recommendation of the Board of Professional Responsibility, in view of the seriousness and type of offenses for which Respondent was convicted, and weighing the factors of aggravation and mitigation as set forth at the hearing, that the Respondent be disbarred. The Board of Professional Responsibility has attached hereto its certification of the costs and expenses incurred in connection with the investigation and disciplinary proceeding, and recommends to the Court the assessment of the costs so certified in the amount of $882.10 against the Respondent. Respondent should be advised that a person who has been disbarred after hearing may

not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment pursuant to Disciplinary Code Rule XXII(a). Should Respondent make such application in the future, application should not be permitted until such time as restitution of costs and expenses has been made. The Board further recommends that any order imposed by the Court specify an entry date and an effective date.

The foregoing Report Of Findings Of Fact, Conclusions Of Law And Recommendations (with exception of costs and expenses) were adopted by the Board unanimously in conference on June 18, 1991. Costs and expenses were certified following notice, opportunity to contest and lack of objection thereto. There were no dissenting or minority views.

DATED this 24 day of July, 1991.

/s/
Joseph E. Vlastos
Chairman
Board of Professional Responsibility
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003
(307) 632–9061